WILLIAMS *v.* COLUMBIA HOTEL CORPORATION.

WORKMEN'S COMPENSATION—NOTICE OF INJURY—EVIDENCE.
In chef's proceeding to recover workmen's compensation for abdominal injuries sustained when he fell over a case of milk bottles while carrying a baker's sheet full of fried chicken, record supported finding that evidence was insufficient to show either that notice of the injury was given the employer or that notice of the date of the injury had been given the employer (2 Comp. Laws 1929, §§ 8431–8434, as amended by Act No. 245, Pub. Acts 1943).

Appeal from Department of Labor and Industry. Submitted October 8, 1947. (Docket No. 17, Calendar No. 43,739.) Decided December 3, 1947.

Homer G. Williams presented his claim for compensation against Columbia Hotel Corporation, employer, and Liberty Mutual Insurance Company, insurer. Award to defendant. Plaintiff appeals. Affirmed.

*Howard & Howard,* for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*Edward D. Wells,* of counsel), for defendants.

Reid, J. Plaintiff filed his claim with the department of labor and industry for compensation because of an injury alleged to have been received in the course of his employment. The department made an award determining that plaintiff is not entitled to receive compensation because of failure to give proper notice of his injury within the required statutory period, from which award plaintiff took an appeal in the nature of certiorari upon leave granted.

Plaintiff was employed at the Columbia hotel, Kalamazoo, as chef in charge of the kitchen department, and on October 22, 1945, while carrying a baker's sheet full of fried chicken, he tripped over a case of milk bottles and fell against the corner of a table and then to the floor. Plaintiff claims that as he fell he threw the tray of chickens one way and himself another and that the full weight of his body struck the corner of the table, against which he hit himself slightly below the ribs and about the center of his body. He had to be helped off the floor into a chair. He appeared to a witness to be quite

pale and broken out with perspiration. Plaintiff left his work a little early that evening and claims that as a result of his injury he did not sleep well that night. He returned to work the next day and though he did not feel like working, continued in his work, and thereafter continued at his work from day to day until November 5, 1945. At that time he left his employment not on account of his physical condition but because of a verbal altercation between himself and another employee who refused to retract the sharp words that she had uttered regarding him. On November 12, 1945, about seven days after he left his employment, he felt indisposed and remained in his apartment and never left his apartment until January 6, 1946, on which day he was taken to the hospital, where he remained for 46 days. At the hospital he was operated on for gall bladder trouble and abscess on the liver. The gall bladder was quite gangrenous and was removed. There were no stones palpable and no stones found in the gall bladder.

The doctor who operated upon plaintiff testified that the injury in the region of the gall bladder might have been a factor in the development of plaintiff's condition and that if he had had a chronic disease of the gall bladder it could have been aggravated by the injury.

The only proof on the subject of notice to employer required by the statute is to be found in the testimony of Albert Butler, who was also employed at the Columbia hotel. Plaintiff said he did not make out a report at the time of the injury because he thought probably in a few days he would be all right. Plaintiff testified:

"*Q.* What was the substance of the message you gave Mr. Butler on December 20th?

"*A*. I told him to report to Mr. Tuberty (manager of the Columbia hotel) and also to the bookkeeper that the doctor was there and said I had internal injuries and had to be operated on."

Mr. Butler, referring to the message, which he said was given him in December, 1945, testified as follows:

"*Q*. Will you tell us the substance, as you recall it, of the message Mr. Williams gave you?

"*A*. He told me to go back to the bookkeeper, also to Mr. Tuberty, and tell them to make out some sort of papers that have to go to the physician, so I go back to see Irene, the bookkeeper, and tell her what the message was, and she said 'I can't do anything about it; there was no report made out at the time.' I go and see Mr. Tuberty and he said 'I can't do anything about it either.'

"*Q*. Was there anything said to you in the message about any internal injuries or about going to the hospital?

"*A*. Yes, there was.

"*Q*. What was said?

"*A*. He showed me a spot he had somewhere on his abdomen that looked to me like it was pretty red and possibly bleeding or something like that and said that was why he had to go to the hospital.

"*Q*. Did he tell you to say anything to Mr. Tuberty about going to the hospital?

"*A*. Yes, sir.

"*Q*. Did you pass that on to Mr. Tuberty?

"*A*. I did."

The record contains no showing that the officers or agents of the defendant Columbia Hotel Corporation had any actual knowledge of the accident. Possibly the message Butler testified he gave the bookkeeper and Mr. Tuberty could have been construed by them as referring to some sort of hospitalization insurance. In any event, the testimony can be con-

sidered to indicate that no notice was given the employer that plaintiff was injured in his employment at the hotel and certainly the testimony shows no notice of the date of the injury.

The department's finding was that the showing made by plaintiff as to notice through the testimony of Mr. Butler was not sufficient to constitute notice to the employer of the plaintiff's accidental injury of October 22, 1945, for which he claims he should be compensated.  2 Comp. Laws 1929, §§ 8431–8434, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8431, Stat. Ann. and Stat. Ann. 1946 Cum. Supp. §§ 17.165–17.168).

There was no testimony that would support a finding that timely notice was given.  The record supports the finding by the department, which finding we do not disturb.  The award appealed from is affirmed, with costs to defendants.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, NORTH, and DETHMERS, JJ., concurred.